UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------- x
JOSEPH P. VISCONTI,                                            :
                                                              :
                                  Plaintiff(s),               :
                                                              :      **INITIAL REVIEW**
                  -against-                                    :      **ORDER**
                                                              :
CHESHIRE C.I. and SOUTH BLOCK UNIT                             :      3:25-cv-1352 (VDO)
MANAGER (JOHN DOE),                                            :
                                                              :
                                  Defendants).                :
-------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

　　Plaintiff Joseph P. Visconti was a pretrial detainee[1] who was formerly in the custody

of the Connecticut Department of Correction ("DOC").[2] While Plaintiff was housed at

MacDougall-Walker Correctional Institution ("MWCI"), he filed a complaint *pro se* and *in*

*forma pauperis* to assert claims under 42 U.S.C. § 1983 for violation of his constitutional rights

against Cheshire Correctional Institution ("Cheshire C.I.") and South Block Unit Manager

"John Doe" ("Unit Manager Doe").[3] Plaintiff seeks both damages and equitable relief.[4]

　　The Prison Litigation Reform Act requires that federal courts review complaints

brought by prisoners seeking relief against a governmental entity or officer or employee of a

---

[1]The Court may take judicial notice of state court records, *Velasco v. Gonclavez*, No. 3:21-CV-1573 (MPS), 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003). A review of the Connecticut State Court records shows that Plaintiff was sentenced on October 24, 2025, after pleading guilty to multiple crimes. *See* https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (last visited Dec. 12, 2025).

[2] On November 12, 2025, Plaintiff filed a Notice of Change of Address, advising the Court that he had been released from incarceration. *See* Not., ECF No. 11.

[3] Compl., ECF No. 1.

[4] *Id.* at 5.

governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I.    FACTUAL BACKGROUND

While the Court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Plaintiff prevailed on his habeas petition on June 11, 2024,[5] and he was rearraigned on June 21, 2024.[6] He states he was "placed in RHU for [three] days unjustly," and a few days later, on June 24, 2024, he transferred to Chesire C.I. to a unit of sentenced inmates.[7] Plaintiff made multiple verbal and written requests to be moved.[8] On July 18, 2024, Plaintiff left an inmate request in Unit Manager Doe's mailbox, "detailing escalating threats made by [his] cellmate on multiple occasions[,]" and he asked to be moved.[9]

---

[5] A review of the Connecticut State Court records shows that Plaintiff's petition for habeas corpus relief was granted, his judgments were vacated for his 2019 and 2021 cases, and the cases were returned to Superior Court for further proceedings. *See* Mem. of Decision, Entry No. 116.00, *Visconti v. Comm'r of Corr.*, No. CV22-5001234, (June 11, 2024) https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV225001234 S (last visited Dec. 12, 2025).

[6] Compl., ECF No. 1 at 4 ¶ 1.

[7] *Id.* ¶¶ 1-2.

[8] *Id.* ¶ 3.

[9] *Id.* ¶ 4.

On July 28, 2024, Plaintiff's cellmate assaulted him and broke his television set after Plaintiff had "exited [the] cell to notify [the] CO's on duty."[10] Plaintiff went to "medical to document [his] injuries and fill out [the] requisite forms."[11] On August 4, 2024, Plaintiff was moved to "MWCI" and placed with sentenced inmates.[12] In November of 2024, Plaintiff was finally placed in a unit with unsentenced inmates.[13]

Plaintiff seeks monetary damages and "to be immune from seizure in any form by [the] DOC or CT State and release from incarceration since [he] won his habeas."[14]

## II.    **LEGAL STANDARD**

Although highly detailed allegations are not required, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648

---

[10] *Id.* at 5 ¶ 5.

[11] *Id.* ¶ 6.

[12] *Id.* ¶ 7.

[13] *Id.* ¶ 8.

[14] *Id.* at 5.

F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, a court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original).

## III.    DISCUSSION

### A.    Deliberate Indifference to Health & Safety under the Fourteenth Amendment

Plaintiff's complaint raises a claim of deliberate indifference to his health and safety against Unit Manager Doe. Because Plaintiff seeks monetary damages Unit Manager Doe, he must allege facts that establish the personal involvement of Unit Manager Doe in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations

is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)); *see also Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (A plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983.).

Plaintiff purports that he was a pretrial detainee at the time the alleged constitutional violation occurred, and therefore, the Fourteenth, rather than the Eighth Amendment, governs his claim for deliberate indifference to his health and safety. *See Darnell v. Pineiro*, 849 F.3d 17, 29-34 & n.9 (2d Cir. 2017) (deliberate indifference); *Moon v. Blackman*, No. 18-CV-1542, 2019 WL 1789906, at *3 (D. Conn. Apr. 24, 2019) (The holding in *Darnell* "applies with equal measure to failure-to-protect claims.").

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves a two-prong analysis. *See Darnell*, 849 F.3d at 29-34. Under the first prong, the pretrial detainee must allege that objectively the challenged "conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health ... which includes the risk of serious damage to physical and mental soundness." *Id*. at 30 (internal quotation marks and citations omitted). Under the second prong, the pretrial detainee must assert that the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison]-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

Plaintiff's complaint suggests that, objectively, he was subject to a serious risk of harm from his cellmate at Cheshire C.I.—he was aware of escalating threats, and was subsequently

assaulted by his cellmate.[15] However, Plaintiff has not alleged sufficient facts to hold Unit Manager Doe liable for a Fourteenth Amendment violation.

Plaintiff states that he left a request in Unit Manager Doe's mailbox detailing the escalating threats from his cellmate.[16] However, "receipt of letters or grievances, by itself, does not amount to personal involvement." *Brown v. Laino*, No. 24-CV-06677, 2025 WL 3228035, at *9 (S.D.N.Y. Nov. 19, 2025); *see also Dorlette v. City of Stamford*, No. 23-CV-1589, 2025 WL 2076036, at *2 (D. Conn. July 23, 2025) (concluding a defendant's failure to respond to plaintiff's complaint was insufficient to show personal involvement) (citing cases); *see also Lopez v. Chappius*, No. 17-CV-96395, 2021 WL 859384, at *2 (W.D.N.Y. Mar. 8, 2021) (noting it is "well-established that a supervisor's failure to respond to a letter of complaint does not provide a sufficient basis to find that the defendant was personally involved in the deprivation alleged."). Here, Plaintiff has not alleged that Unit Manager Doe knew or should have known that he was subject to a serious risk of harm from an assault by his cellmate. Nor has Plaintiff alleged that Unit Manager Doe ever received his request. Because Plaintiff has not plausibly pleaded that Unit Manager John Doe was objectively deliberately indifferent to a risk of serious harm, i.e., (an impending assault on Plaintiff from his cellmate), his Fourteenth Amendment claim is dismissed.

---

[15] *Id*. at 4-5 ¶¶ 4-5.

[16] *Id*. at 4 ¶ 4.

**B.     Official Capacity Claims**

Plaintiff's complaint seeks a court order to be "immune from seizure in any form by either DOC or the [State of Connecticut]" and to be released from custody because he prevailed on his habeas action.[17]

Plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity only to the extent he alleges an ongoing constitutional violation. When awarding injunctive relief, a court must make sure that such relief is narrowly tailored to the scope of the violation and extends no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, a court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Further, a claim for injunctive relief can only proceed against defendants who "may remedy the allegedly unconstitutional conditions to which [they are] subjected." *Scozzari v. Santiago*, No. 19-cv-229, 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019).

Plaintiff's requests for injunctive relief must be dismissed for several reasons. First, Plaintiff has filed a Notice of Address reflecting that he is no longer in DOC custody.[18] Because he is no longer housed at Cheshire C.I. and is not in DOC custody, Plaintiff cannot proceed for official capacity relief against DOC employees concerning the conditions of his confinement. *Jumpp v. Simonow*, No. 20-CV-138, 2021 WL 4861440, at *1 (D. Conn. Oct. 19, 2021) (prisoner's official capacity claims were moot after he was longer incarcerated

---

[17] ECF No. 1 at 5.

[18] Not., ECF No. 11.

within DOC); *Santiago v. Annucci*, No. 20-CV-4530, 2021 WL 4392487, at *8 (S.D.N.Y. Sept. 24, 2021) (dismissing claim for injunctive relief where plaintiff had been released from prison); *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (an inmate's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials at that facility). Accordingly, Plaintiff's requests for injunctive relief to prohibit DOC staff from subjecting him to seizures and to be released from incarceration are moot.

Further, even if Plaintiff were still incarcerated and had alleged a plausible Fourteenth Amendment violation against Unit Manager Doe, his allegations describe conduct that occurred in the past. No alleged facts suggest that he is subject to any ongoing violation of his constitutional or federal rights that could be remedied by injunctive relief. In addition, Plaintiff's request for a court order to enjoin the State of Connecticut from subjecting him to seizure in the future is clearly beyond the scope of any Fourteenth Amendment violation raised by Plaintiff's allegations in this action. Finally, to the extent that Plaintiff intended to bring official-capacity claims against any of the defendants for monetary damages, he is advised that such claims are barred by the Eleventh Amendment because each of the defendants is an employee of the State of Connecticut. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff request for official capacity relief may not proceed in this action.

### C.    Cheshire C.I.

Lastly, Plaintiff may not proceed on any claims under 42 U.S.C. § 1983 against Cheshire C.I. This is because state agencies, like the Department of Correction and their subdivisions, are not persons within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 66 (1989); *see also Walker v. State of Connecticut*, No. 06-CV-165, 2006 WL 1981783, at *2 (D. Conn. Mar. 15, 2006) (dismissing claims against Northern

Correctional Institution because state correctional facility not a person within the meaning of section 1983). Because Cheshire C.I. is not a person under section 1983, all claims against Cheshire C.I. are dismissed.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's complaint is **DISMISSED** without prejudice for failure to state any plausible claims under 42 U.S.C. § 1983. Plaintiff's Motion for Appointment of Counsel [ECF No. 7] is **DENIED** as moot.

The Court affords Plaintiff an opportunity to file an amended complaint on or before **January 12, 2026**, to state a plausible Fourteenth Amendment claim of deliberate indifference to his health and safety. Plaintiff's amended complaint must include factual allegations describing how each defendant against whom he seeks damages acted with deliberate indifference to his health and safety in violation of the Fourteenth Amendment. The clerk is instructed to send Plaintiff the form approved in this District for a prisoner amended complaint. Plaintiff is advised that any amended complaint, if filed, will completely replace any prior-filed complaint or amended complaint. The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

If Plaintiff fails to file an amended complaint **on or before January 12, 2026,** the Court will dismiss and close this case.

<b>SO ORDERED.</b>

Hartford, Connecticut
December 12, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge